# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER EARL NIXON, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-137-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Walter Earl Nixon, Jr., appeals the 120-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm.  Nixon argues that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), the district court erred in applying the enhanced base offense level under U.S.S.G. § 2K2.1(a)(3) based on his prior Texas conviction for burglary of a habitation because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10219

(1) Texas Penal Code § 30.02(a) is not a divisible statute and (2) not every violation of § 30.02(a) qualifies as a crime of violence.

Because Nixon did not object in the district court to the calculation of his offense level, we review for plain error.  Under plain error review, Nixon has the burden of showing a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the judicial proceedings.  *See id.*

Even if Nixon could establish that the district court committed clear or obvious error in determining that his prior Texas conviction was a crime of violence for purposes of § 2K2.1, he cannot show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different," and, as such, he cannot show an effect on his substantial rights.  *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).  In particular, the district court initially announced a sentence of 160 months in prison based on the seriousness of the offense, Nixon's extensive criminal history, and additional 18 U.S.C. § 3553(a) factors.  After Nixon's counsel reminded the court that the statutory maximum sentence was 120 months, the district court imposed that sentence and repeatedly expressed its disappointment that it could not impose the much higher sentence, which, in its opinion, was the appropriate sentence.  Thus, the record reflects that the sentence was based "on factors independent of the Guidelines."  *See Molina-Martinez*, 136 S. Ct. at 1347.  Because Nixon cannot satisfy all elements of plain error review, the judgment of the district court is AFFIRMED.